1

2

3

4

5

6

7        UNITED STATES DISTRICT COURT

8        CENTRAL DISTRICT OF CALIFORNIA

9            WESTERN DIVISION

10

11  VICTOR JUAREZ,                )  No. ED CV 14-01671-VBK
                                  )
12              Plaintiff,        )  MEMORANDUM OPINION
                                  )  AND ORDER
13       v.                       )
                                  )  (Social Security Case)
14  CAROLYN W. COLVIN, Acting     )
    Commissioner of Social        )
15  Security,                     )
                                  )
16              Defendant.        )
    _____)

17

18        This matter is before the Court for review of the decision by the

19  Commissioner of Social Security denying Plaintiff's application for

20  disability benefits.  Pursuant to 28 U.S.C. §636(c), the parties have

21  consented that the case may be handled by the Magistrate Judge.  The

22  action arises under 42 U.S.C. §405(g), which authorizes the Court to

23  enter judgment upon the pleadings and transcript of the Administrative

24  Record ("AR") before the Commissioner.  The parties have filed the

25  Joint Stipulation ("JS"), and the Commissioner has filed the certified

26  AR.

27        Plaintiff raises the following issues:

28        1.   Whether  the Administrative Law Judge ("ALJ") properly

1    considered Plaintiff's subjective complaints and properly
2    assessed his credibility; and
3    2.    Whether the ALJ properly developed and considered the
4    vocational issues present at Step Number Five of the
5    sequential evaluation process.
6 (JS at 4.)
7
8    This Memorandum Opinion will constitute the Court's findings of
9 fact and conclusions of law. After reviewing the matter, the Court
10 concludes that for the reasons set forth, the decision of the
11 Commissioner must be reversed and the matter remanded.
12
13                                  **I**
14              **THE ALJ DID NOT PROPERLY ASSESS**
15    **PLAINTIFF'S SUBJECTIVE COMPLAINTS AND HIS CREDIBILITY**
16    After a hearing before the ALJ (AR 34-54), the ALJ issued an
17 unfavorable Decision. (AR 21-30.) That Decision included a credibility
18 assessment as to Plaintiff's subjective pain complaints and symptoms,
19 which is the subject of Plaintiff's first issue. Following some
20 discussion (which the Court will address) at AR 25, the ALJ assessed
21 Plaintiff as being not credible to the extent his complaints are
22 inconsistent with the determined residual functional capacity ("RFC").
23    There are, further, generic or generalized statements made by the
24 ALJ, such as the following:
25    "In sum, the residual functional capacity assessed by
26    this decision for the period since the alleged onset date is
27    supported by the evidence as a whole. The claimant's
28    subjective complaints are less than fully credible and the

1    objective medical evidence does not support the alleged
2    severity of symptoms."
3  (AR 27-28.)

4

5        The Court will begin by noting that it has long been the
6  established case that a credibility assessment made by an ALJ, in
7  which credibility is depreciated, must be supported by specific
8  findings setting forth clear and convincing reasons. See Smolen v.
9  Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12
10 F.3d 915, 918 (9th Cir. 1993). Generalized statements that, for
11 example, symptom complaints are not consistent with the evidence as a
12 whole, or with unspecified objective evidence, cannot stand judicial
13 scrutiny. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).

14       The Decision in this case represents a somewhat classic example
15 of overgeneralized and nonspecific findings and conclusions which do
16 not lend themselves to adequate judicial scrutiny, and for that
17 reason, demand that the matter be remanded for further hearing.

18       The ALJ mentioned asserted discrepancies regarding Plaintiff's
19 activities of daily living ("ADL") and evidence in the record. In
20 particular, the Commissioner notes that the ALJ analyzed what the
21 Commissioner characterizes as "conflicting" function reports of
22 January 22, 2012 and April 8, 2011. (JS at 9, citing AR 25-26, 161-
23 168, 178-185.) The Court has, in fact, carefully examined and compared
24 these reports, and finds no substantial evidence in the record for the
25 ALJ to have concluded that there were such discrepancies between these
26 two reports that they justified a depreciated credibility finding.
27 Indeed, without going through them point by point, the two reports
28 appear to have much greater consistency than inconsistency. These two

functional reports should be read as a whole, and not based on cherry picking isolated phrases such as "prepare simple meals." While credibility assessment depends on well recognized methods of symptom evaluation (see 20 C.F.R. § 404.1529), and does include defined factors such as daily activities, what is absent here are specific, clear and convincing reasons as articulated in the Decision itself to justify the credibility depreciation contained in that Decision. Moreover, it might well be that on remand, consideration should be given to Plaintiff's statements that, for example, he cannot concentrate very well with his pain (see, e.g., AR 183), which might be explanatory of some slight inconsistencies between statements he makes at various times regarding his symptoms.

The Court is equally unpersuaded by the ALJ's reference to a lack of objective medical evidence or inconsistencies between objective medical evidence and Plaintiff's pain complaints. In addition, while in some situations a citation to "routine, conservative treatment consisting primarily of medication management," such as occurred in this case (see AR at 26), might be a valid credibility assessment factor, here, there is no indication in the record of what type of treatment would or could address Plaintiff's persistent pain other than medication management.

All in all the Court simply cannot find that substantial evidence supports the articulated reasons set forth in the Decision for depreciating Plaintiff's credibility. If there is any meaning to be given to the Ninth Circuit's requirement that an ALJ's credibility assessment must be specific and supported by clear and convincing evidence, the lack of these characteristics in this Decision represents a substantial enough departure from these requirements as

1 | to require remand for a <u>de novo</u> hearing.

2 |     For judicial economy, the Court will not expend its resources in
3 | discussing Issue No. 2, which addresses whether the ALJ properly
4 | developed and considered the vocational issues at the Step Five level
5 | of the sequential evaluation process. The reason is that since
6 | Plaintiff's credibility will be redetermined <u>de novo</u> on remand, a
7 | different finding or conclusion regarding Plaintiff's credibility may
8 | well affect the conclusions reached at the fifth step of the
9 | sequential evaluation process. It would therefore not be helpful for
10 | the Court to adjudicate some of the substantive issues raised within
11 | Step Five, which may or may not be material depending on the outcome
12 | of the credibility assessment to be performed. Further, the error at
13 | Issue No. 1 is sufficient to require reversal and remand for further
14 | hearing.

15 |     For the foregoing reasons, this matter will be remanded for
16 | further hearing consistent with this Memorandum Opinion.

17 |     **IT IS SO ORDERED.**

19 | DATED: <u>February 25, 2015</u>      <u>   /s/   </u>
20 |                    VICTOR B. KENTON
                   UNITED STATES MAGISTRATE JUDGE